IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEJANIQUE STROZIER, | : |
| | : |
| PLAINTIFF, | : |
| | : CIVIL ACTION NUMBER: |
| V. | : |
| | : |
| AMAZON.COM SERVICES, LLC, | : JURY TRIAL DEMANDED |
| | : |
| DEFENDANT. | : |

# COMPLAINT

Plaintiff Dejanique Strozier ("Strozier") brings this Complaint against Defendant Amazon.com Services, LLC ("Amazon") as follows:

**INTRODUCTION**

1.

Strozier was formerly employed as a Picker for Amazon in one of their warehouses. Strozier suffered an incident of sexual harassment when a coworker touched her without her consent. After reporting this incident, she was fired for this protected activity. She brings claims of retaliation under Title VII.

## JURISDICTION AND VENUE

2.

This Court has original jurisdiction over the present action under Article III, §2 of the United States Constitution and 28 U.S.C §§ 1331, because this case arises under the Title VII, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 42 U.S.C. § 2000e-5(f)(3) because the bulk of the unlawful employment practices alleged herein occurred in this District and Amazon maintains the employment records material hereto in this District.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Amazon is located in this judicial district and a substantial portion of the events giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

5.

Strozier is a citizen of the United States, and a resident of Clayton County, State of Georgia.

6.

Strozier is entitled to bring actions of this kind and nature in this judicial district.

7.

At all times material hereto, Strozier was an "employee" of Amazon within the meaning of 42 U.S.C. § 2000e(f).

8.

Amazon is a corporation organized under the laws of the State of Delaware.

9.

At all times material hereto, Amazon was authorized to conduct business in the State of Georgia.

10.

At all times material hereto, Strozier worked at Amazon's fulfillment center located at 280 Bridgeport Boulevard, Newnan, GA 30259.

11.

Amazon may be served through its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092 in accordance with Fed. R. Civ. Pro. 4(d).

12.

All times material hereto, Amazon has been an "employer" of Strozier within the meaning of 42 U.S.C. § 2000e(b).

13.

Amazon is subject to the personal jurisdiction of this Court.

14.

On or about November 11, 2021, Strozier filed a Charge of Discrimination against Amazon with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC designated this Charge as Charge Number 410-2022-01080 (hereafter referred to as "the Charge of Discrimination").

15.

In the Charge of Discrimination, Strozier asserted that Amazon subjected her to retaliation in response to her reporting of sexual harassment and assault.

16.

Strozier filed the Charge of Discrimination within 180 days of the unlawful employment practices alleged therein.

17.

The EEOC issued Strozier a Notice of Right to Sue (hereafter "the Notice of Right to Sue") dated October 12, 2022.

18.

This action is commenced within 90 days of Strozier's receipt of the Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

19.

Amazon employed Strozier as a Picker from July 24, 2021 through August 11, 2021.

20.

At all times material hereto, Amazon was responsible for promulgating employment policies and making employment decisions regarding Strozier's employment.

21.

Strozier's job responsibilities included, among other things, picking products for orders to be shipped to Amazon's customers.

22.

On August 10, 2021, an Amazon employee, Travis Thornton, sexually harassed and assaulted Strozier by forcibly hugging her and grabbing her buttocks.

23.

Strozier immediately reported the sexual harassment and assault to Amazon's Production Manager, "Dominique".

24.

"Dominique" contacted Amazon's Second Shift Manager, "Pete" by radio and Strozier then reported the sexual harassment and assault to "Pete".

25.

"Dominique" and "Pete" then escorted Strozier to locate her direct Manager, "Shaq". Strozier then reported the sexual harassment and assault to "Shaq".

26.

"Dominique", "Pete" and "Shaq" then directed Strozier to report the assault to Amazon's Human Resources Department.

27.

On August 10, 2022, Strozier met with Amazon's Human Resources investigator Sierra Bland.

28.

Bland asked Strozier to recount what had occurred and took a statement from her.

- 7 -

29.

Later in the day on August 10, 2022, Bland advised Strozier that she had spoken with Thornton who denied Strozier's allegations; claimed that he had her phone number and that they were friends; and further claimed that Strozier had touched him inappropriately.

30.

Strozier denied Thornton's allegations and further advised Bland that she had no romantic relationship with Thorton and had never given him her phone number.

31.

Strozier also denied that she had ever touched Thornton inappropriately.

32.

Bland determined that the telephone number that Thornton had purported to be Strozier's was incorrect.

33.

On August 10, 2022, Bland advised Strozier that Thornton had been terminated.

34.

The following day, on August 11, 2021, Strozier came to work for her scheduled shift.

35.

That same day, toward the end of her shift, Bland told Strozier that she was being suspended pending further investigation.

36.

On August 16, 2021, Bland contacted Strozier by telephone and claimed that Strozier herself was in violation of Amazon policies.

37.

Prior to August 16, 2021, Amazon never informed Strozier that she had violated any company policy.

38.

Prior to August 16, 2021, Amazon never informed Strozier that she had been suspected or investigated for violating any company policy.

39.

In that same call, on August 16, 2021, Bland advised Strozier that her employment with Amazon was being terminated.

40.

On or about August 22, 2021, after several failed attempts to contact Amazon's corporate office, Strozier received an email from Human Resources Investigator Tamara Williams who advised she was "looking into" her complaint.

41.

On or about August 23, 2021, Strozier spoke to Williams who advised Strozier that there was a purported video recording that depicted Strozier's alleged "unwanted touching" of Thornton's arm or chest.

42.

Strozier told Williams that she did not recall ever touching Thornton and if she had, it was incidentally and had no sexual connotation.

43.

On or about August 26, 2021, Williams emailed Strozier and advised that "After review, it was determined that an investigation will not take place…due to a lack of additional details."

44.

Amazon failed to further investigate the allegations of sexual harassment and assault visited upon Strozier.

45.

The reasons provided by Amazon for Strozier's termination are pretextual.

46.

Amazon retaliated against Strozier for engaging in protected activity, that is for reporting sexual the harassment and assault visited upon her, in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended by the Civil Rights Act of 1991, ("Title VII").

## COUNT 1
### RETALIATION FORBIDDEN BY TITLE VII

47.

The allegations set forth in all previous paragraphs above are incorporated by reference herein as if fully set out in this paragraph.

48.

Amazon was aware of Strozier's complaint of sexual harassment and assault constituting protected activity under Title VII.

49.

Amazon had actual knowledge of Strozier's complaint about sexual harassment and assault and that her actions constituted protected activity under Title VII.

50.

But for Strozier's reporting conduct made unlawful by Title VII, Amazon would not have terminated Strozier's employment.

51.

Amazon retaliated against Strozier when it terminated her employment because she reported conduct made unlawful by Title VII.

52.

Amazon acted with malice or with reckless indifference to the federally protected rights of Strozier when it terminated her employment.

53.

Amazon retaliated against Strozier because she opposed actions and activities made unlawful by Title VII when it terminated her employment.

54.

As a direct and proximate result of Amazon's unlawful retaliation against Strozier, she has suffered and continues to suffer loss of income, emotional distress and emotional pain and suffering, in an amount to be proved at trial.

55.

As the direct and proximate result of Amazon's unlawful retaliation against Strozier, she has been forced to incur attorneys' fees and expenses of litigation for which Amazon is liable.

WHEREFORE, Strozier respectfully prays:

1. That she be reinstated to her former position;
2. That she be awarded damages to cover all lost income which she would have received or accrued but for the unlawful actions taken against her;

3. That she be awarded general damages to compensate her for the emotional injuries, pain and suffering and other losses and injuries suffered as a result the unlawful actions taken against her;

4. That she be awarded punitive damages against Amazon as a consequence of its willful, malicious, reckless and intentional conduct;

5. That she be afforded a trial by jury;

6. That she be awarded her reasonable attorneys' fees and expenses of litigation; and

7. That she be awarded such other and further relief as is just, equitable and proper.

Respectfully submitted,

101 Marietta Street
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
Kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

/s/ Kevin D. Fitzpatrick, Jr.
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

/s/Charles R. Bridgers
Charles R. Bridgers
Ga. Bar No. 080791

Counsel for Plaintiff